UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESSAM BOU-ASSALY,
and NANCY HAGE,

       Plaintiffs,

                            Case No.  16-12159

vs.

                            HON.  GEORGE CARAM STEEH

GEORGE P. MANN & ASSOCIATES, P.C.,
GEORGE P. MANN,
MARGOLIS LAW, P.C.,
and LAURENCE H. MARGOLIS,

       Defendants.
_____/

ORDER DISMISSING CASE FOR LACK
OF SUBJECT MATTER JURISDICTION

Plaintiffs filed this case in federal district court, asserting jurisdiction under 28 U.S.C. § 1332(a)(2).  The Court ordered plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction given plaintiff Nancy Hage's dual citizenship.

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  The courts' subject matter jurisdiction requirement limits it to hearing only those claims which are authorized by the laws of its jurisdiction.  *See, e.g.,* 28 U.S.C. §§

1331; 1332. "If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1332(a)(2) confers original jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000. *Id.* The complete diversity requirement, as articulated in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), applies to § 1332(a)(2). *See e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

The parties here are not completely diverse. Plaintiff Wessam Bou-Assaly is a citizen of Lebanon and Canada. Plaintiff Hage is a citizen of Lebanon and the United States of America. Both are currently domiciled in the United Arab Emirates. All four defendants are citizens of the United States of America domiciled in Michigan. Thus, Hage's United States citizenship destroys complete diversity.

Plaintiff relies on *Aguirre v. Nagel*, 270 F. Supp. 535 (E.D. Mich. 1967), for the proposition that a court may choose a dual citizen's non United States citizenship to satisfy diversity under § 1332(a)(2). In *Aguirre*, a minor plaintiff with dual United States and Mexican citizenship sued a United States citizen. *Id.* at 535. The Court recognized jurisdiction,

determining that the plaintiff's Mexican citizenship placed it within the literal meaning of § 1332(a)(2). *Id.* at 536.

Plaintiff's reliance on *Aguirre* is misguided. *Aguirre* has been heavily criticized and several circuits have rejected its holding. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991); *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980). *Aguirre* is inconsistent with the complete diversity requirement. These dual citizenship cases do not fall under the statute's intended purpose of providing "protective jurisdiction over matters implicating international relations where the national interest was paramount." *Sadat*, 615 F.2d at 1182. Further, *Aguirre* gives dual citizens an unfair advantage over solely United States citizens. *Sadat v. Mertes*, 464 F. Supp. 1311, 1313 (E.D. Wis. 1979), *aff'd*, 615 F.2d 1176 (7th Cir. 1980).

Federal courts approach questions of dual citizenship under § 1332(a)(2) by selecting one citizenship for the purpose of diversity rather than applying multiple citizenships simultaneously. *See e.g., Sadat*, 615 F.2d at 1187. Ordinarily, "only the American nationality of the dual citizen

should be recognized under 28 U.S.C. § 1332(a)." *Id.* However, a United States citizen may assert that their foreign citizenship is dominant and must be applied when analyzing diversity. *Id.* There is no singular test to determine dominant citizenship. Courts have generally focused on the status of a party's citizenship, specifically whether the party is a naturalized citizen and whether they have terminated or renounced their United States citizenship. *See e.g., id.* at 1187-88.

Hage argues that her United States citizenship is not dominant. Her argument fails. Hage is a naturalized citizen. Permitting naturalized citizens "to use their prior nationality for purposes of diversity would be incompatible with the oath they took upon becoming citizens, wherein they renounced allegiance to foreign states or sovereignties." *Liakakos v. CIGNA Corp.*, 704 F. Supp. 583, 585 (E.D. Pa. 1988). There is no evidence that Hage has renounced or terminated her United States citizenship. Further, contrary to her counsel's allegations, there is no evidence that Hage is legally "precluded from returning to and living in the United States." (Doc. 28: Plaintiffs' Response to Court's Show Cause Order, at 7). Plaintiffs' allege that Bou-Assaly is currently "an alien who no longer holds a green card and has been deemed inadmissible in the United

States." (Doc. 1: Complaint, at 24). But Bou-Assaly's status does not impact Hage's citizenship or her ability to return to the United States.

For the reasons stated above, the Court finds that Hage's dual citizenship bars subject matter jurisdiction under § 1332(a)(2). Additionally, that Court finds that Hage's domicile in the United Arab Emirates makes her a stateless citizen, barring jurisdiction under §§ 1332(a)(1) and 1332(a)(3). *Newman-Green, Inc.*, 490 U.S. at 826 ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.").

The Complaint includes three counts. The relief sought in each count specifically states that "*Plaintiffs* [Bou-Assaly *and Hage*] demand judgment against Defendants in the amount to which *they* are entitled." (Doc. 1; Complaint, at 26, 29) (emphasis added). Therefore, Hage's status as a stateless, dual citizen bars subject matter jurisdiction on every count in this case, and in accordance with Fed. R. Civ. P. 12(h)(3),

IT IS ORDERED that this case is dismissed without prejudice.

In addition to their show cause response, plaintiffs filed a Motion for Leave to File Amended Complaint, seeking leave to "delete Ms. Hage as a party to proceed only with Plaintiff Wessam Bou-Assaly's malpractice claims." (Doc. 29 at 2). The Court does not have subject matter jurisdiction

over this case permitting it to entertain this motion, so it shall be dismissed as moot. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1131 (6th Cir. 1996) ("Because the district court properly dismissed the case for lack of subject matter jurisdiction, it also acted properly in dismissing these motions [to amend and supplement the original complaint] as moot.").

IT IS SO ORDERED.

Dated:  January 3, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---